HOSODA & BONNER, LLLC

LYLE S. HOSODA            3964-0
ADDISON D. BONNER    9163-0
500 Ala Moana Boulevard, Suite 3-499
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
Email:       lsh@hosodalaw.com, adb@hosodalaw.com

Attorneys for Plaintiff
ENVY HAWAII LLC
and Counterclaim Defendants
ENVY HAWAII LLC and MIKHAIL FEDOTOV

McCORRISTON MILLER MUKAI MacKINNON LLP
RANDALL K. SCHMITT        3752-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone: (808) 529-7300
Facsimile: (808) 535-8018
Email:       schmitt@m4law.com

Attorney for Plaintiff/Counterclaim Defendant
ENVY HAWAII LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ENVY HAWAII LLC *dba* VOLVO CARS HONOLULU, | Civil No. CV 17-00040 HG-RT |
| Plaintiff, | **PLAINTIFF/COUNTERCLAIM DEFENDANTS ENVY HAWAII LLC AND MIKHAIL FEDOTOV'S MEMORANDUM IN OPPOSITION TO DEFENDANT VOLVO CAR** |
| vs. | |
| VOLVO CAR USA LLC, | |
| Defendant. | *[Caption continued on following page]* |

VOLVO CAR USA LLC,

      Counterclaim Plaintiff,

      vs.

ENVY HAWAII LLC dba VOLVO
CARS HONOLULU,

      Counterclaim Defendants,

and

MIKHAIL FEDOTOV,

      Additional Counterclaim Defendant.

**USA LLC'S MOTION FOR
SPOLIATION SANCTIONS
FILED JANUARY 16, 2019;
DECLARATION OF ADDISON
D. BONNER; DECLARATION
OF MIKHAIL FEDOTOV;
EXHIBIT 1; CERTIFICATE OF
SERVICE**

**[Re: ECF No. 116]**

## PLAINTIFF/COUNTERCLAIM DEFENDANTS ENVY HAWAII LLC AND MIKHAIL FEDOTOV'S MEMORANDUM IN OPPOSITION TO DEFENDANT VOLVO CAR USA LLC'S MOTION FOR SPOLIATION SANCTIONS FILED JANUARY 16, 2019

Plaintiff ENVY HAWAII LLC ("Envy") and Counterclaim Defendant

MIKHAIL FEDOTOV ("Fedotov") (collectively, "Counterclaim Defendants"), by

and through their attorneys, Hosoda & Bonner, LLLC, hereby submit their

Memorandum in Opposition to Defendant Volvo Car USA, LLC's ("Volvo")

Motion for Spoliation Sanctions ("Motion"), filed herein on January 16, 2019. ECF

No. 116.

I.    **INTRODUCTION**

Volvo Car USA LLC's ("Volvo") Motion for Sanctions ("Motion") seeks to

create a discovery problem where none exists.  Volvo claims two sources of

evidence are at issue: (1) Envy Hawaii LLC's ("Envy") dealer management system ("DMS"), and (2) the email accounts of Envy's former employees.  With regard to the DMS information, what Volvo claims is spoliation of evidence is nothing more than Volvo's failure to seek the referenced discovery from the DMS service provider, which Envy is informed has preserved the materials, though they are inaccessible to Envy.  With regard to employee emails, Volvo has cherry-picked quotes from Envy's 30(b)(6) deposition that appear to support Volvo's claim.   However, a full reading of Mr. Fedotov's testimony on behalf of Envy demonstrates that Mr. Fedotov in fact searched the full range of employee emails, and while Envy does not have current access to all emails, there is no evidence that any of the emails were destroyed.   This Motion is a waste of this Court's time, and is nothing more than a blatant attempt by Volvo to exploit the financial hardship Envy experienced as a result of Volvo's misconduct, the very same misconduct that underlies Envy's lawsuit.

II.     **RELEVANT BACKGROUND**

Litigation between Volvo and Envy began in December 2016, when Volvo filed a lawsuit against Envy in the United States District Court for the Central District of California, Case No. 16-cv-2250 ("California Action").  Declaration of Addison D. Bonner ("Bonner Decl.") at ¶ 3.  The California Action, assigned to Judge Andrew J. Guilford, sought declaratory judgment in Volvo's favor on a

majority of the matters that have been alleged in the instant case, which Envy filed

in January 2017.  Bonner Decl. at ¶ 4.  In June 2017, Judge Guilford dismissed

Volvo's Complaint in the California Action, after finding that Volvo had

improperly asserted its claims in that venue.  Judge Guilford's ruling followed his

colloquy at the hearing on the motion to dismiss, wherein Judge Guilford queried

Volvo's counsel as to whether Volvo's Complaint had been filed in that District as

a matter of gamesmanship.  Bonner Decl. at ¶ 5.  While Volvo's attorney denied

any gamesmanship, undoubtably Volvo knew that by filing its claims in an

improper venue, it would and did cause Envy to incur substantial attorneys' fees

and costs in defending against the claims and despite the matter being dismissed

six months later.  Bonner Decl. at ¶ 5.  Notably, Volvo opted not to conduct any

discovery in the California Action.

Envy filed a lawsuit against Volvo in the United States District Court for the

District of Hawai'i in January 2017.  ECF No. 1.  In June 2017, Volvo issued its

first voluminous request for discovery, seeking documents in 77 different

categories.  ECF No. 33.  At great expense, Envy made diligent efforts to provide

Volvo with all of the requested discovery, despite the overbreadth of Volvo's First

Set of Document Requests.  ECF No. 33; Bonner Decl. at ¶ 6; Declaration of

Mikhail Fedotov ("Fedotov Decl.") at ¶ 8, 9.  In contrast, Volvo responded to

Envy's first request for production of documents with approximately 242 pages of

documents, responsive to only three of Envy's 16 categories of requested documents.  ECF No. 48, 52; Bonner Decl. at ¶ 7.  In May 2018, Volvo issued its "Second Set of Document Requests" to Envy, which Envy responded to after making a diligent search of its records and providing non-privileged, discoverable information.  ECF No. 74, 82; Bonner Decl. at ¶ 8; Fedotov Decl. at ¶ 9.  Despite Envy's diligent efforts to meet Volvo's burdensome discovery demands, Volvo continued to take issue with various aspects of Envy's productions, as evidenced by, for example, Volvo's insistence that Envy produce specific emails, the content of which were already fully disclosed in Envy's discovery productions.  Bonner Decl. at ¶ 9.  In June 2018, in an attempt to resolve Volvo's ongoing complaints about discovery, Envy even made a supplemental production of discovery.  ECF No. 78.  In total, Envy has produced over 24,000 pages of discovery in this matter. ECF No. 78, 82; Bonner Decl. at ¶ 10.  By contrast, Volvo's production of documents amounts to less than half of what Envy has produced in this matter. ECF No. 52, 66; Bonner Decl. at ¶ 11.

Rather than waste the Court's time seeking production of discovery that in all likelihood will not change the core facts of the case, Envy has refrained from wasting the resources of the Court and of the parties by seeking to avoid a discovery fight.  It is now clear that Volvo has been spoiling for this fight, given its insistence on filing the Motion despite the dubious nature of its spoliation claims.

III.   **LEGAL STANDARD**

Rule 37(e) of the Federal Rules of Civil Procedure provides that:

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

**(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

**(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

**(A)** presume that the lost information was unfavorable to the party;
**(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
**(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e) (2018).

The applicable standard of proof for spoliation motions in the Ninth Circuit is the preponderance of evidence. *OmniGen Research, LLC v. Wang*, 321 F.R.D. 367, 372, *9, 2017 WL 2260071 (D. Or. 2017). The burden of proof question differs depending on the severity of the sanction. *Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 476 (S.D.N.Y. 2010). The most careful consideration should be given before a court finds that a party has

6

violated its duty to comply with discovery obligations and deserves to be

sanctioned. *Id.* at 471-472.

## IV.   **ARGUMENT**

### A.   **NO SPOLIATION HAS OCCURRED.**

Envy and Volvo agree that spoliation is "the destruction or significant

alteration of evidence, or the failure to preserve property for another's use as

evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire &*

*Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999).  Rule 37(e) of the Federal Rules of

Civil Procedure applies only if the information was lost because the party failed to

take reasonable steps to preserve the information.  *See* Fed. R. Civ. P. 37(e),

Advisory Committee's Notes to 2015 Amendments.  Because the rule calls only

for reasonable steps to preserve, it is inapplicable when the loss of information

occurs despite the party's reasonable steps to preserve it.  Where, for example, the

information may not be in the party's control, the rule does not apply.  *Id.*  Where a

party fails to take reasonable steps to preserve electronically stored information

that should have been preserved in the anticipation or conduct of litigation, and the

information is lost as a result, Rule 37(e) directs that the Court's initial focus

should be on **whether the lost information can be restored or replaced through**

**additional discovery**.  *Id* (emphasis added).  While the rule authorizes courts to

use specified and very severe measures to address or deter failures to preserve

electronically stored information, such measures are used only upon a finding that the party that lost the information **acted with the intent to deprive another party of the information's use in the litigation**. *Id* (emphasis added). Volvo has failed to demonstrate that spoliation occurred in this case because 1) Mr. Fedotov did not delete any relevant emails; 2) the information Volvo seeks is available through third parties; and 3) Envy's inability to pay for access should not be the basis for a spoliation claim.

### 1. Mr. Fedotov Did Not Delete Any Emails Relevant To This Litigation.

Volvo's Motion is premised in part on the prematurely made claim that Mr. Fedotov admitted to deleting relevant emails. Volvo rushed to file its Motion before Mr. Fedotov had a chance to exercise his right to review his deposition testimony. After having that opportunity, Mr. Fedotov recognized he had not understood the scope of Volvo's attorney's question to him on the topic of deleting emails, and promptly corrected his testimony after understanding that the question related only to the deletion of emails related to his operation as a Volvo dealer. Fedotov Decl. at ¶ 2. When read in full, Mr. Fedotov's confusion is evident in the exchange, as Mr. Fedotov honestly admitted that he deleted some emails from his accounts, namely spam and emails that did not relate to his business. **Exhibit 1** at 82:9-22. Mr. Fedotov was born in Russia and lived there until 2011, when he immigrated to the United States seeking a better life. Fedotov

Decl. at ¶ 3.  Prior to coming to the U.S. in 2011, Mr. Fedotov did not speak any English.  Fedotov Decl. at ¶ 4.  It is not surprising then that Mr. Fedotov did not fully comprehend the question posed to him on the deletion of emails, and Mr. Fedotov's honest mistake should not serve as the basis to sanction Envy.

### 2. Third-Party CDK Global Has All The DMS Data Volvo Claims Are Destroyed.

Volvo's claim that the DMS data has been irretrievably lost is flatly wrong.  The data still exists, intact, in the DMS system maintained by CDK Global ("CDK").  All that has occurred is that Envy has stopped paying for access to that data, because it cannot afford to.  Fedotov Decl. at ¶ 5.  As CDK has cut Envy's access to the DMS, Envy is not able to search the DMS or gather information from it for any purpose.  Fedotov Decl. at ¶ 6.  CDK has demanded that Envy pay CDK over $240,000 in past due invoices and contractual damages in order to resolve the matter and regain access to the DMS.  Fedotov Decl. at ¶ 7.  Without the ability to pay CDK's demands, and therefore unable to access the DMS, Envy cannot provide any information in the DMS to Volvo.  Fedotov Decl. at ¶ 6.  However, Envy's lack of financial resources does not stop Volvo from seeking the DMS information through the use of a subpoena.  Volvo has simply chosen to file this Motion instead of serving CDK Global with a subpoena.

### 3.    No Spoliation Of Emails Has Occurred.

Here again, Volvo is wrong to claim that the employee emails, stored in Google Enterprise's servers, are somehow rendered destroyed, lost, or otherwise "spoiled" simply because Envy cannot access them.  Moreover, as Volvo is aware, Mr. Fedotov had access to all Envy employee emails in 2017 when it responded to Volvo's discovery requests, and Mr. Fedotov searched the employee email accounts for responsive documents.  **Exhibit 1** at 87:2-8, Fedotov Decl. at ¶ 9. There is nothing preventing Volvo from serving Google with a subpoena seeking the emails contained in Envy's accounts.

### 4.    Inability To Pay For Access Cannot Be The Basis For A Spoliation Claim.

This Motion is nothing more than Volvo's attempt to capitalize on Envy's lack of resources.  It is evident from Mr. Fedotov's testimony that Envy did not destroy any evidence.  Envy simply could not afford the $20,000+ per month payment required to maintain access to databases containing information related to Envy's operations.[1]  Moreover, Envy cannot afford to pay CDK over $240,000 to restore its access to DMS system, and Envy was prohibited from downloading or

---

[1]     Rule 37(e) of the Federal Rules of Civil Procedure also recognizes that another factor in evaluating the reasonableness of preservation efforts is proportionality. Fed. R. Civ. P. 37(e) Advisory Committee's Notes to 2015 Amendments. The rule cautions courts to be sensitive to party resources as aggressive preservation efforts can be extremely costly, and parties (including governmental parties) may have limited staff and resources to devote to those efforts. Id.

otherwise making a backup of the DMS information.  Fedotov Decl. at ¶ 5, 6.

However, much of the sought-after information was provided to Volvo in other

ways, and in responding to Volvo's discovery requests, Envy scoured the

employee emails and provided all responsive documents to Volvo.  Fedotov Decl.

at ¶ 8, 9.  By filing its Motion, based on conjecture about what emails and other

information "might" be out there, Volvo is chasing things that simply don't

exist.  All the while, Volvo ignores the fact that it knows where these documents

were last stored and has subpoena power available to it to pursue that information

if it truly believes it to be so important.

## B.   VOLVO HAS SUFFERED NO PREJUDICE IN CONNECTION WITH ANY ALLEGED SPOLIATION.

Volvo's claim of prejudice is based entirely on conjecture and

supposition.  Volvo claims it has been prejudiced in: (1) its ability to explore the

basis for and challenge the opinions of Envy's experts; (2) its ability to use in its

defense discrepancies identified between its records and what is reported in Envy's

financial statements; and (3) not being able to obtain relevant information

contained in emails it alleges Envy destroyed.  These claims are self-serving

mischaracterizations of the real issue, that Volvo has failed to properly pursue the

very discovery it purports to be relevant.

### 1.   Volvo Has All Envy's Financial Information Examined or Relied Upon by Envy's Experts.

Envy's expert reports were timely provided to Volvo in May 2018.  Bonner

Decl. at ¶ 12.  Pursuant to Volvo's request, Envy provided to Volvo all of the

information relied upon by Envy's experts.  Bonner Decl. at ¶ 13.  These financial

documents consisted primarily of Envy's financial statements, all of which were

provided to Volvo in the regular course of business at the time of their creation,

which Volvo nonetheless asked for and received in the course of

discovery.  Fedotov Decl. at ¶ 10.  Envy's experts did not examine every piece of

paper used by Envy to create those financial statements, because to do so would

have been a waste of time and resources.  Envy's financial statements were subject

to audit by CPAs, who did examine the basis for the numbers on the statements.

The audits were conducted on an annual basis through 2016.  Fedotov Decl. at ¶

11.

### 2.   Volvo May Assert Its Discrepancy Defense Without Having the Documents Underlying Envy's Financial Statements.

Volvo's claim that its defense is hampered is nonsensical.  The fact Volvo is

able to articulate in its Motion that a discrepancy actually exists, means that Volvo

presently has sufficient documentation to prove its allegation that there is a

discrepancy between Envy's financial statements and Volvo's records.  It logically

follows then that Volvo is able to raise this discrepancy as a defense at trial.  Envy

will then be in the (unenviable) position of seeking to convince the jury that its financial statements are accurate despite not being able to present the underlying documents.  What Volvo claims as "prejudice" is actually a boon to Volvo's defense.

### 3. Volvo Has Not Demonstrated Any Spoliation of Emails.

Volvo's attempt to demonstrate that Envy has "lost" emails by including correspondence Volvo obtained from sources other than Envy, demonstrates that the materials Volvo claims have been "spoiled" actually have not been destroyed, but rather are available from third-parties.  As Volvo admits, Envy has provided Volvo with documents containing communications between Mr. Fedotov and his former partners in the Envy entity.  Fedotov Decl. at ¶ 8.  Volvo is aware of the identity of these individuals and has their contact information.  Volvo's counsel even has an office in Moscow, Russia, where Mr. Fedotov's former partners live or work.  There is no indication Volvo has made any effort to obtain any potentially relevant emails from Mr. Fedotov's former partners or serve them with subpoena.  The fact Volvo has chosen to file this Motion, rather than to seek discovery from those third-parties, speaks volumes about Volvo's motive in bringing this Motion.

### C. ENVY SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS IN DEFENDING AGAINST THE MOTION.

Under Rule 37 of the Federal Rules of Civil Procedure:

> If the motion is denied, the court may issue any
> protective order authorized under Rule 26(c) and must,
> after giving an opportunity to be heard, require the
> movant, the attorney filing the motion, or both to pay the
> party or deponent who opposed the motion its reasonable
> expenses incurred in opposing the motion, including
> attorney's fees.

Fed. R. Civ. P. 37(a)(5).  Accordingly, should Volvo's Motion be denied, Envy

requests that Volvo pay its attorney's fees and costs incurred in opposing its

Motion.

## V.   CONCLUSION

In accordance with the foregoing, Volvo's Motion should be denied and

Envy should be awarded its attorneys' fees and costs incurred in responding to

Volvo's Motion.

DATED:    Honolulu, Hawaii, February 1, 2019.

/s/ Addison D. Bonner
LYLE S. HOSODA
ADDISON D. BONNER

Attorneys for Plaintiff/
Counterclaim Defendants
ENVY HAWAII LLC and
MIKHAIL FEDOTOV

RANDALL SCHMITT

Attorneys for Plaintiff/
Counterclaim Defendants
ENVY HAWAII LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVY HAWAII LLC *dba* VOLVO CARS HONOLULU,<br><br>               Plaintiff,<br><br>vs.<br><br>VOLVO CAR USA LLC,<br><br>               Defendant. | Civil No. CV 17-00040 HG-RT<br><br>**DECLARATION OF ADDISON D. BONNER** |
| VOLVO CAR USA LLC,<br><br>          Counterclaim Plaintiff,<br><br>vs.<br><br>ENVY HAWAII LLC dba VOLVO CARS HONOLULU,<br><br>          Counterclaim Defendants,<br><br>and<br><br>MIKHAIL FEDOTOV,<br><br>          Additional Counterclaim Defendant. | |

## DECLARATION OF ADDISON D. BONNER

I, ADDISON D. BONNER, hereby declare as follows:

1.      I am an attorney for Plaintiff ENVY HAWAII LLC *dba* VOLVO CARS HONOLULU ("Envy") and Counterclaim Defendant MIKHAIL FEDOTOV (collectively, "Counterclaim Defendants").

2.      I have personal knowledge of and am competent to testify to the matters stated herein and have personal knowledge of the facts set forth in this declaration unless otherwise specified.

3.      Litigation between Volvo and Envy began in December 2016, when Volvo filed a lawsuit against Envy in the United States District Court for the Central District of California, Case No. 16-cv-2250 ("California Action").

4.      The California Action, assigned to Judge Andrew J. Guilford, sought declaratory judgment in Volvo's favor on a majority of the matters that have been alleged in the instant case, which Envy filed in January 2017.

5.      Judge Guilford's ruling followed his colloquy at the hearing on the motion to dismiss, wherein Judge Guilford queried Volvo's counsel as to whether Volvo's Complaint had been filed in that District as a matter of gamesmanship.  By filing in an improper venue, Envy incurred substantial attorneys' fees and costs in defending against Volvo's claims despite the matter being dismissed six months later.

2

6.    In June 2017, Volvo issued its first voluminous request for discovery, seeking documents in 77 different categories.  At great expense, Envy made diligent efforts to provide Volvo with all of the requested discovery, despite the overbreadth of Volvo's First Set of Document Requests.

7.    Volvo responded to Envy's first request for production of documents with approximately 242 pages of documents, responsive to only three of Envy's 16 categories of requested documents.

8.    In May 2018, Volvo issued its "Second Set of Document Requests" to Envy, which Envy responded to after making a diligent search of its records and providing non-privileged, discoverable information.

9.    Despite Envy's diligent efforts to meet Volvo's burdensome discovery demands, Volvo continued to take issue with various aspects of Envy's productions, as evidenced by, for example, Volvo's insistence that Envy produce specific emails, the content of which were already fully disclosed in Envy's discovery productions.

10.    In total, Envy has produced over 24,000 pages of discovery in this matter.

11.    Volvo has produced less than half of what Envy has produced in discovery in this matter.

12.    Envy's expert reports were timely provided to Volvo in May 2018.

3

13.     Pursuant to Volvo's request, Envy provided to Volvo all of the information relied upon by Envy's experts, which included Envy's financial statements.

I declare under penalty and perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

DATED:     Honolulu, Hawaii, February 1, 2019.

/s/ Addison D. Bonner
ADDISON D. BONNER

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVY HAWAII LLC *dba* VOLVO CARS HONOLULU,<br><br>       Plaintiff,<br><br>   vs.<br><br>VOLVO CAR USA LLC,<br><br>       Defendant. | Civil No. CV 17-00040 HG-RT<br><br>**DECLARATION OF MIKHAIL FEDOTOV** |
| VOLVO CAR USA LLC,<br><br>   Counterclaim Plaintiff,<br><br>   vs.<br><br>ENVY HAWAII LLC dba VOLVO CARS HONOLULU,<br><br>   Counterclaim Defendants,<br><br>and<br><br>MIKHAIL FEDOTOV,<br><br>   Additional Counterclaim Defendant. | |

## <u>DECLARATION OF MIKHAIL FEDOTOV</u>

I, MIKHAIL FEDOTOV, hereby declare as follows:

1.      I have personal knowledge of and am competent to testify to the matters stated herein and have personal knowledge of the facts set forth in this declaration unless otherwise specified.

2.      After having that opportunity to review my deposition testimony, I recognized I had not understood the scope of Volvo's attorney's question to me on the topic of deleting emails, and I promptly corrected my testimony after understanding that the question related only to the deletion of emails related to my operation as a Volvo dealer.

3.      I was born in Russia and lived there until 2011, when I immigrated to the United States seeking a better life.

4.      Prior to coming to the U.S. in 2011, I did not speak any English.

5.      It is my understanding that the data contained in the DMS system maintained by CDK Global ("CDK") still exists, intact, however, Envy has stopped paying for access to DMS system data, because it cannot afford to.

6.      As CDK has cut Envy's access to the DMS system, Envy is not able to search the DMS or gather information from it for any purpose, including providing the DMS system contents to Volvo, and was prohibited from making a backup of the DMS information.

7.     CDK has demanded that Envy pay CDK over $240,000 in past due invoices and contractual damages in order to resolve the matter and regain access to the DMS system.

8.     I have made diligent efforts to search for and provide Volvo with all of the requested discovery that were responsive, discoverable and non-privileged, including but not limited to conducting a search of Envy records, employee email accounts, and communications between myself and my former partners in Envy.

9.     In 2017, I had access to all Envy employee emails, retained by Google Enterprise.  I conducted a diligent search of these employee emails for responsive documents pursuant to Volvo's discovery requests, and provided all responsive, discoverable, non-privileged documents to Volvo.

10.    Envy's financial statements were provided to Volvo in the regular course of business at the time of their creation, and again in discovery.

11.    Envy's financial statements were subject to audit by CPAs, who examined the basis for the numbers on the financial statements.  These audits were conducted on an annual basis through 2016.

I declare under penalty and perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

DATED:     Honolulu, Hawaii, February 1, 2019.

/s/ *Mike Fedotov*
MIKHAIL FEDOTOV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVY HAWAII LLC *dba* VOLVO CARS HONOLULU,<br><br>            Plaintiff,<br><br>     vs.<br><br>VOLVO CAR USA LLC,<br><br>            Defendant. | Civil No. CV 17-00040 HG-RT<br><br>**CERTIFICATE OF SERVICE** |
| VOLVO CAR USA LLC,<br><br>            Counterclaim Plaintiff,<br><br>     vs.<br><br>ENVY HAWAII LLC dba VOLVO CARS HONOLULU,<br><br>            Counterclaim Defendants,<br><br>and<br><br>MIKHAIL FEDOTOV,<br><br>            Additional Counterclaim Defendant. | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the date noted below, a copy of the foregoing document was duly served via electronic transmission (CM/ECF), on the following parties:

ANDREW J. LAUTENBACH, ESQ.
Starn O'Toole Marcus & Fisher
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
              -and-
RYAN L. FORD, ESQ.
Hogan Lovells US LLP
555 Thirteenth Street NW
Washington, D.C. 20004
              -and-
JOHN J. SULLIVAN, ESQ.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
              -and-
COLM A. MORAN, ESQ.
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

Attorneys for Defendant/Counterclaim Plaintiff
VOLVO CAR USA LLC

DATED:      Honolulu, Hawaii, February 1, 2019.

                         /s/ Addison D. Bonner
                         LYLE S. HOSODA
                         ADDISON D. BONNER

                         Attorneys for Plaintiff/
                         Counterclaim Defendants
                         ENVY HAWAII LLC and
                         MIKHAIL FEDOTOV

                         RANDALL SCHMITT

                         Attorneys for Plaintiff/
                         Counterclaim Defendants
                         ENVY HAWAII LLC