IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVY HAWAII LLC doing business as Volvo Cars Honolulu, | Civ. No. 17-00040 HG-RT |
| Plaintiff, | |
| vs. | |
| VOLVO CAR USA LLC, | |
| Defendant. | |
| VOLVO CAR USA LLC, | |
| Counter-Claimant, | |
| vs. | |
| ENVY HAWAII LLC doing business as Volvo Cars Honolulu; MIKHAIL FEDOTOV, | |
| Counter-Defendants. | |

**ORDER DENYING DEFENDANT VOLVO CAR USA LLC'S MOTION FOR SPOLIATION SANCTIONS (ECF No. 116)**

This case involves contract disputes and claims of improper business practices between a local automobile dealership and the national distributor of Volvo automobiles.

Envy Hawaii LLC, doing business as Volvo Cars Honolulu, was established in December 2012. Envy Hawaii LLC purchased the rights to operate the sole Volvo franchise in Hawaii.

Envy Hawaii LLC contracted with Volvo Car USA LLC to operate

1

its franchise. Volvo Car USA LLC is located in New Jersey and is the exclusive importer and wholesaler of Volvo automobiles in the United States.

In 2015, Mikhail Fedotov became the sole owner and manager of Envy Hawaii LLC.

In January 2017, Envy Hawaii LLC filed suit against Volvo Car USA LLC. Envy Hawaii LLC's First Amended Complaint alleges eight causes of action, including claims that Volvo Car USA LLC violated the Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221 et seq., the Robinson-Patman Act, 15 U.S.C. § 13(a), and several Hawaii state statutes.

Volvo Car USA LLC has filed counterclaims against both Envy Hawaii LLC and its owner Mikhail Fedotov. The Second Amended Counterclaim contains eleven causes of action including claims for fraud, misrepresentation, breach of contract, unlawful recording, cybersquatting, and unjust enrichment.

The Parties have engaged in two years of litigation, produced discovery, and conducted depositions.

Volvo Car USA LLC has now filed a Motion for Spoliation Sanctions. Volvo Car USA LLC claims that Envy Hawaii LLC and Mikhail Fedotov failed to preserve certain electronically stored information in violation of Federal Rule of Civil Procedure 37(e). Specifically, Volvo Car USA LLC claims Fedotov did not preserve Google e-mail accounts and electronic dealer management

system records.

Envy Hawaii LLC and Mikhail Fedotov claim no spoliation has occurred because any relevant records are available from third-parties and sanctions are not appropriate.

Defendant Volvo Car USA LLC's MOTION FOR SPOLIATION SANCTIONS (ECF No. 116) is **DENIED**.

## PROCEDURAL HISTORY

On January 16, 2019, Defendant filed DEFENDANT'S MOTION FOR SPOLIATION SANCTIONS. (ECF No. 116).

On February 1, 2019, Plaintiff/Counterclaim Defendants filed ENVY HAWAII LLC AND MIKHAIL FEDOTOV'S MEMORANDUM IN OPPOSITION TO DEFENDANT VOLVO CAR USA LLC'S MOTION FOR SPOLIATION SANCTIONS. (ECF No. 127).

On February 15, 2019, Defendant filed DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SPOLIATION SANCTIONS. (ECF No. 133).

On March 6, 2019, the Court held a hearing on Defendant's Motion for Spoliation Sanctions. (ECF No. 147). The Court issued an oral ruling denying Defendant's Motion for Spoliation Sanctions. This order provides the written basis for the Court's March 6, 2019 oral ruling.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 37(e), if

electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

    (1)  upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

    (2)  only upon a finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

        (A)  presume that the lost information was unfavorable to the party;

        (B)  instruct the jury that it may or must presume the information was unfavorable to the party; or

        (C)  dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

A party that destroys or fails to preserve evidence pursuant to Fed. R. Civ. P. 37(e) may be subject to sanctions for spoliation, including dismissal. Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006).

Rule 37 was amended in 2015. Pursuant to the 2015 amendment, the court may order measures no greater than necessary to cure prejudice from the failure to store electronically stored information. Moore's Fed. Prac. 3d § 37.121A; see Fed. R. Civ. P. 37(e) Advisory Committee Note of 2015.

## ANALYSIS

**I.  Fed. R. Civ. P. 37(e)'s 2015 Amendment**

The text of Federal Rule of Civil Procedure 37(e) provides that evidence is "lost" and subject to spoliation sanctions when a party failed to take reasonable steps to preserve it, and "**it cannot be restored or replaced through additional discovery**." Fed. R. Civ. P. 37(e) (emphasis added).

Information is "lost" for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians. Oracle Am. Inc. v. Hewlett Packard Enterprise, Co., 328 F.R.D. 543, 552 (N.D. Cal. 2018).

Cases decided after the implementation of the 2015 amendment to Fed. R. Civ. P. 37(e) have highlighted the 2015 Advisory Committee Notes to the Rule.  The 2015 Advisory Committee stated that "because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere."  Fed. R. Civ. P. 37(e), 2015 Advisor Committee Notes.

Spoliation sanctions are not available pursuant to the 2015 Amendment to Rule 37(e) when information is not lost.

## II. The Electronically Stored Information Defendant Seeks Is Not Lost Within The Meaning Of Fed. R. Civ. P. 37(e)

Defendant Volvo Car USA LLC seeks two types of information from Plaintiff.

<u>First</u>, Volvo Car USA LLC seeks financial and accounting records from Envy Hawaii LLC's dealer management system maintained by CDK Drive.

<u>Second</u>, Volvo Car USA LLC seeks e-mail accounts from a Google Enterprise e-mail server for Mikhail Fedotov and John Martinho relating to Envy Hawaii LLC.

Volvo Car USA LLC admits that it has not sought any of the discovery from either CDK Disk or Google Enterprise. Volvo Car USA LLC's Motion is focused on Envy Hawaii LLC's failure to preserve the information.

Volvo Car USA LLC has not established that spoliation sanctions are available because the information it seeks is not "lost" within the meaning of Fed. R. Civ. P. 37(e).

### A. Dealer Management System Records

Volvo Car USA LLC has not demonstrated that any financial information maintained in Envy Hawaii LLC's Electronic Dealer Management System provided by CDK Drive is unavailable.

Spoliation sanctions pursuant to Fed. R. Civ. P. 37(e) are generally only appropriate "where extensive [electronically

stored information] recovery efforts have failed, or after forensic review gives the movant a much better idea of the quantity and nature of unproduced, deleted ESI." Steves and Sons, Inc. v. JELD-WEN, Inc., 327 F.R.D. 96, 108 (E.D. Va. 2018). Rule 37(e) sanctions are foreclosed if the purportedly "lost" electronically stored information may be retrieved from additional discovery or discovery from third-parties. EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc., 2018 WL 1542040, at *27 (M.D. Tenn. Mar. 29, 2018).

Volvo Car USA LLC concedes that it has not subpoenaed any records from CDK Drive. It has not attempted to retrieve the information from any other third-parties.

Volvo Car USA LLC also has not demonstrated that it is not in possession or does not otherwise have access to any information due to its own use of the Electronic Dealer Management System.

Rule 37(e) sanctions are not available when the information may be sought from third-parties and Volvo Car USA LLC has not demonstrated that the information is irretrievable.

**B.   E-Mails**

Defendant claims that Envy Hawaii LLC used Google Enterprise to store its e-mails. Defendant states that it believes Google Enterprise's policy is to delete e-mails within a short number of

days after the client's service is ended.

Defendant has not sought any e-mails or discovery directly from Google and cannot demonstrate that the e-mails are otherwise lost.

Numerous cases have addressed the availability of deleted e-mails in the context of Rule 37(e). In <u>CAT3, LLC v. Black Lineage, Inc.</u>, 164 F.Supp.3d 488, 497 (S.D.N.Y. 2016), the court explained that the party seeking spoliation sanctions must demonstrate that the e-mails are irretrievable. The court stated that e-mails are not lost when one custodian deletes them from his mailbox but they remain available in the records of another custodian. <u>Id.</u>

Defendant has not demonstrated that Google Enterprise no longer has access to any of Envy Hawaii LLC's deleted e-mails. <u>Agility Pub. Warehousing Co. K.S.C. v. Dep't of Def.</u>, 2017 WL 1214424, at *2 (D.D.C. Mar. 30, 2017) (finding e-mails were lost only if not turned over to movant by a third party); <u>Living Color Enters., Inc. v. New Era Aquaculture, Ltd.</u>, 2016 WL 1105297, *5 (S.D. Fla. Mar. 22, 2016) (text messages provided to movant by another party were not "lost" for purposes of Rule 37(e)).

Volvo Car USA LLC may issue subpoenas to obtain records from Google and/or CDK Drive prior to May 15, 2019.

**CONCLUSION**

Defendant Volvo Car USA LLC's Motion For Spoliation Sanctions (ECF No. 116) is **DENIED**.

IT IS SO ORDERED.

Dated: March 20, 2019, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge