IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVY HAWAII LLC doing business as Volvo Cars Honolulu, <br><br>  Plaintiff, <br><br> vs. <br><br> VOLVO CAR USA LLC, <br><br>  Defendant. | Civ. No. 17-00040 HG-RT |
| VOLVO CAR USA LLC, <br><br>  Counter-Claimant, <br><br> vs. <br><br> ENVY HAWAII LLC doing business as Volvo Cars Honolulu; MIKHAIL FEDOTOV, <br><br>  Counter-Defendants. | |

**ORDER ON MOTIONS IN LIMINE**

This case involves contract disputes and claims of improper business practices between a local automobile dealership and the national distributor of Volvo automobiles.

Envy Hawaii LLC ("Envy Hawaii"), doing business as Volvo Cars Honolulu, was established in December 2012. Envy Hawaii purchased the rights to operate the sole Volvo franchise in Hawaii.

Envy Hawaii contracted with Volvo Car USA LLC ("Volvo Car

1

USA") to operate its franchise.  Volvo Car USA is located in New Jersey and is the exclusive importer and wholesaler of Volvo automobiles in the United States.

In 2015, Mikhail Fedotov became the sole owner and manager of Envy Hawaii.

In January 2017, Envy Hawaii filed suit against Volvo Car USA.  Envy Hawaii's First Amended Complaint alleges eight causes of action, including claims that Volvo Car USA LLC violated the Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221 et seq., the Robinson-Patman Act, 15 U.S.C. § 13(a), and several Hawaii state statutes.

Volvo Car USA LLC has filed counterclaims against both Envy Hawaii LLC and its owner Mikhail Fedotov.  The Second Amended Counterclaim contains eleven causes of action including claims for fraud, misrepresentation, breach of contract, unlawful recording, cybersquatting, and unjust enrichment.

There are three motions in limine pending before the Court.

## I. Envy Hawaii LLC's Motions In Limine

### A. Envy's Motion In Limine No. 1: Motion To Exclude Allegations Of Surreptitious Records (ECF No. 165)

Envy Hawaii LLC seeks to preclude Volvo Car USA LLC from introducing allegations that in February 2017, Envy Hawaii LLC's Chief Operating Officer, John Martinho, made unlawful surreptitious recordings during a Volvo Retailer Conference in California.

Volvo Car USA LLC's Second Amended Counterclaim contains the following allegations:

> 88. In addition, on February 20 and 21, 2017, Martinho surreptitiously recorded the confidential proceedings at a Volvo Retailer Conference (the "Conference") in Yountville, California, which he attended as a representative of Envy.
>
> 89. One of [Volvo Car USA]'s major purposes in convening the Conference was to share confidential business plans and marketing information with Volvo retailers, including the display of new Volvo models which have not yet been publicly announced.
>
> 90. Because of the confidential nature of the information shared with Volvo retailers at the Conference, participants were not permitted to bring in cell phones or any other devices with which they could record the proceedings. To enforce this prohibition, [Volvo Car USA] required participants to go through airport-style metal detectors before entering the Conference.
>
> 91. In violation of this prohibition, and unknown to [Volvo Car USA], Martinho brought a pen containing a concealed recording device into the Conference.
>
> 92. During a confidential presentation on Tuesday, February 21, 2017, the second day of the Conference, the security staff at the Conference noticed Martinho acting strangely, including continually grabbing his pocket pen and moving it in a twisting motion.
>
> 93. After the presentation, security staff approached Martinho and asked to see the pen. Martinho initially denied having a pen. After security staff specified the location of the pen (_i.e._, in the inside pocket of Martinho's suit), Martinho turned over the pen.

> 94. The pen had a camera with a 64-gigabyte SD memory card. Martinho admitted that he was using the device to record the Conference, although he denied having photographed the vehicles.
>
> 95. Martinho was excluded from the remainder of the Conference.

(Second Amended Counterclaim at ¶¶ 88-95, ECF No. 75).

Volvo Car USA has asserted two claims against Envy Hawaii based on the factual allegations 88-95.

In **Count Seven** of its Second Amended Counterclaim, Volvo Car USA alleges a private right of action against Envy Hawaii for violating the federal Electronic Communications Privacy Act ("ECPA"). 18 U.S.C. §§ 2510, 2520. The ECPA prohibits the use of a device to intercept oral communications for purposes of obtaining information relating to the operations of any business which affects interstate commerce. 18 U.S.C. § 2511(1)(b)(iv)(B). (Second Amended Counterclaim at ¶¶ 154-60, ECF No. 75).

In **Count Eight** of its Second Amended Counterclaim, Volvo Car USA alleges a private right of action against Envy Hawaii for violating California's Invasion of Privacy Act ("CIPA"). California state law prohibits the unauthorized electronic eavesdropping on confidential conversations. California Penal Code §§ 632, 637.2. (Second Amended Counterclaim at ¶¶ 162-64, 166-67, ECF No. 75).

Envy Hawaii seeks to preclude such claims from trial because "[w]hether [Martinho] made recordings of certain aspects of the

4

displays at the Conference or not, there is no relationship between the conduct and any violation of the core agreements at issue in this matter. Instead, it appears that Volvo intends on making these allegations for the purpose of portraying Envy and Mr. Fedotov are 'bad actors' and unreliable." (Motion at p. 4, ECF No. 165-1).[1]

The issue raised by Envy Hawaii relates to the admission of "other acts" evidence pursuant Federal Rules of Evidence 404 and 403. Envy Hawaii asserts that this evidence is related to the alleged bad acts of Martinho, who is not a defendant in this case. Envy Hawaii alleges that Volvo Car USA seeks to introduce such evidence to lead the jury to believe that Envy Hawaii and Mikhail Fedotov are bad people who engage in illegal business practices even though there is no evidence that they themselves were involved with the alleged surreptitious recordings.

The admissibility of the evidence turns on whether the alleged actions by Martinho in conducting the surreptitious recordings may be attributed to Envy Hawaii and Mikhail Fedotov.

Neither Party has addressed agency principles in their briefing. There is no dispute that Martinho is not a Party in

---

[1] As a preliminary matter, Envy Hawaii cites to the incorrect counterclaim filed by Volvo Car USA. Envy Hawaii cites to and attaches the initial counterclaim filed on June 26, 2017 at ECF No. 36. The Counterclaim has twice been amended by leave of court and the one currently before the Court is the Second Amended Counterclaim filed on May 25, 2018, ECF No. 75.

5

this case and was not named by Volvo Car USA as a counter-defendant.  Instead, Volvo Car USA seeks to hold Envy Hawaii liable for the actions of Martinho without establishing a basis to do so.

> **1. Volvo Car USA Has Not Established Envy Hawaii Or Mikhail Fedotov May Be Bound By John Martinho's Alleged Acts For Count Seven Of Its Second Amended Counterclaim**

Section 7.04 of Restatement (Third) of Agency provides:

> A principal is subject to liability to a third party harmed by an agent's conduct when the agent's conduct is within the scope of the agent's actual authority or ratified by the principal; and (1) the agent's conduct is tortious, or (2) the agent's conduct, if that of the principal, would subject the principal to tort liability.

Restatement (Third) of Agency § 7.04 (2006).

An agent acts with actual authority when the agent reasonably believes, in accordance with the manifestations of the principal, that the principal wishes the agent so to act.  Id. at § 2.01.

Volvo Car USA has not provided any basis to establish that Martinho acted with actual authority.  Volvo Car USA states that Martinho attended the Conference in California as an employee of Envy Hawaii.  His attendance at the conference does not demonstrate that he had actual authority to conduct surreptitious recordings at the Conference.  Volvo Car USA has not provided any evidence that Envy Hawaii directed Martinho to conduct

6

surreptitious recordings. It also has not established that there will be any testimony at trial to prove agency. Volvo Car USA did not list Martinho as a witness and has affirmed that it does not intend to call him at trial.

There is also no evidence that Envy Hawaii ratified Martinho's actions. Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority. Restatement (Third) of Agency § 4.01(1) (2006). A person ratifies an act by manifesting assent that the act shall affect the person's legal relations, or conduct that justifies a reasonable assumption that the person so consents. Id. at § 4.01(2). Volvo Car USA has offered no evidence to establish ratification. Rather, it relies solely on the basis that Martinho attended the Conference as Envy Hawaii's Chief Operating Officer. Such evidence is insufficient to establish agency.

> **2. Volvo Car USA Has Not Established Envy Hawaii Or Mikhail Fedotov May Be Bound By John Martinho's Alleged Acts For Count Eight Of Its Second Amended Counterclaim**

Volvo Car USA also has not provided evidence to establish that Envy Hawaii may be held liable for any act by Martinho pursuant to California law. Under California law, an employer may be held vicariously liable for torts committed by an employee within the scope of employment. Mary M. v. City of L.A., 814

7

P.2d 1341, 1343 (Cal. 1991). An employer may be held liable where an act was committed while the employee was engaged in a special errand for the employer. Ducey v. Argo Sales Co., 602 P.2d 755, 764 (Cal. 1979). Again, there is no evidence that Envy Hawaii directed Martinho to conduct surreptitious recordings or that Envy Hawaii ratified any such acts committed by Martinho.

Volvo Car USA also relies on a letter from November 11, 2014. (Letter from Mike Fedotov, owner of Envy Hawaii, dated November 11, 2014 to Gregor Hembrough, Vice President of Volvo Cars of North America, attached as Ex. B to Def.'s Opp., ECF No. 170-3). The letter states that Mikhail Fedotov requests that John Martinho be considered and approved to be Envy Hawaii's General Manager. (Id.) It states, "He will act on my behalf and be responsible for the daily operations of all aspects of my Volvo Retail Business." (Id.) "By presenting this candidate for approval, I assume total responsibility for his actions in the operation of the Volvo Retail Facility, and their consequences." (Id.)

Again, Volvo Car USA fails to recognize agency principles in holding Envy Hawaii liable for the actions by Martinho. There is no evidence that Martinho was acting within the scope of employment, that he was directed by Envy Hawaii, or that his actions were ratified by Envy Hawaii when he allegedly attempted to engage in surreptitious recordings at the Volvo Conference in

8

California.  The letter from November 2014 does little more than establish that Martinho was Envy Hawaii's employee.  These recordings are alleged to have taken place in February 2017.  There is no evidence that Envy Hawaii directed Martinho to make the recordings or that it ratified any such actions following the discovery of the device at the Conference.

Envy Hawaii's Motion in Limine No. 1 (ECF No. 165) is **GRANTED WITHOUT PREJUDICE.**  Volvo Car USA must make an offer of proof as to the evidence it intends to introduce to establish agency before any allegations of surreptitious recordings may be introduced at trial.

> **B.** <u>**Envy's Motion In Limine No. 2**</u>: **Motion To Exclude NextGear Allegations Of Fraud (ECF No. 166)**

Envy Hawaii seeks to preclude Volvo Car USA from introducing allegations or evidence that Envy Hawaii engaged in fraud when it obtained floor plan financing from NextGear Capital.  Specifically, Envy Hawaii seeks to preclude evidence that it sold vehicles "out of trust."  (Memo. in Support of Envy's Motion at p. 2, ECF No. 166-1).

Envy Hawaii claims that NextGear investigated the allegations and "there was no finding by NextGear of any 'fraud.'" (<u>Id.</u>)  Envy Hawaii makes this representation on the basis that one NextGear employee, Nicole Noblet, testified at a deposition that she "did not reach a determination that Envy had

9

committed fraud in any way to NextGear." (Memo. in Support of Envy's Motion at p. 5, ECF No. 166-1). Envy Hawaii seeks to preclude evidence relating to its financial transactions with NextGear as "other acts" evidence pursuant to Fed. R. Evid. 404(b).

Envy Hawaii's position that NextGear did not find any irregularity in its financial transactions with Envy Hawaii is belied by the record and not well taken. As Volvo Car USA explains in its Opposition, "Envy seriously misrepresents the record on this issue." (Opposition at p. 2, ECF No. 173).

<u>First</u>, NextGear's Federal Rules of Civil Procedure Rule 30(b)(6) witness, Ryan Hawley, testified that NextGear found that vehicles financed by NextGear were, in fact, sold out of trust by Envy Hawaii. The vehicles were sold out of trust because Envy Hawaii sold vehicles that NextGear had financed and Envy failed to turn over the proceeds to NextGear pursuant to the terms of their contract. (Deposition of Ryan Hawley at 38:13-15, ECF No. 173-4).

<u>Second</u>, there is evidence that Envy Hawaii admitted in a Compromise Agreement with NextGear that it sold at least fifteen units "out of trust" with a balance owed of more than $520,000. (Compromise Agreement at ¶ E, ECF No. 173-2).

<u>Third</u>, there is a lawsuit pending in this District filed by NextGear against Envy Hawaii relating to the alleged

transactions.  <u>NextGear Capital, Inc. v. Envy Hawaii LLC; Mikhail Borisovich Fedotov</u>, 18-cv-00415 DKW-RT.

Envy Hawaii's representation in its Motion that NextGear internally concluded that no fraud or misrepresentation occurred is a mischaracterization.  At best, Nicole Noblet, an employee of NextGear, made such a representation in her deposition.  Envy Hawaii may call her as a witness to support its position, but there is other evidence in the record that Envy Hawaii ignores.

Envy Hawaii's transactions with NextGear are part of the dispute in this case.  Fed. R. Evid. 404(b) does not apply to exclude them.  As set forth in Volvo Car USA's Opposition, Envy's dealings with NextGear are direct evidence relevant to both Envy's claims and Volvo's defenses.  Envy Hawaii claims that Volvo Car USA's actions and policies caused it to go out of business.  Volvo Car USA claims that it was Envy Hawaii's undercapitalization and mismanagement, including its mismanagement of its financing with NextGear, that caused it to go out of business.  Envy Hawaii's floor financing is a central issue and Envy Hawaii's broad motion relying on the testimony of one witness to exclude all evidence relating to Envy Hawaii's financing with NextGear is not supported by the record.

The Parties must set forth what evidence they intend to present regarding NextGear at trial.  While the transactions with NextGear are relevant to the issues in this case, the Court will

not hold a mini-trial on all of the issues relating to NextGear.

In addition, neither Party may use the term "fraud" when referring to Envy Hawaii's financial transactions with NextGear as it is unduly prejudicial and conclusory. Future references shall be to financial transactions with NextGear.

Envy Hawaii's Motion in Limine No. 2 (ECF No. 166) is **DENIED**.

## II. Volvo Car USA LLC's Motion In Limine

### A. Volvo's Motion in Limine No. 1: Motion Regarding Testimony Of Mikhail Fedotov (ECF No. 163)

Volvo Car USA seeks to preclude Envy Hawaii LLC's owner, Mikhail Fedotov, from testifying that Volvo Car USA engaged in a punching scheme with Envy Hawaii LLC.

Volvo Car USA seeks to preclude Fedotov from testifying about the punching scheme pursuant to Federal Rule of Evidence 602.

Federal Rule of Evidence 602 provides, as follows:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

Personal knowledge includes opinions and inferences grounded in observations or other first-hand experiences. United States v. Whittemore, 776 F.3d 1074, 1082 (9th Cir. 2015). First-hand

contemporaneous observation of the particular transaction is not required. Personal knowledge or perception acquired through review of records prepared in the ordinary course of business or perceptions based on industry experience is sufficient to lay foundation for lay opinion testimony. Burlington N. R.R. Co. v. State of Neb., 802 F.2d 994, 1004-05 (8th Cir. 1986).

For example, in United States v. Thompson, the defendant introduced into evidence a receipt from a restaurant in Flagstaff, Arizona, to support his alibi that he was at the particular restaurant at the time of the crime. 559 F.2d 552, 553 (9th Cir. 1977). The government introduced testimony from the restaurant's manager as rebuttal evidence. Id. The manager testified that he was trained in the restaurant's procedures for issuing receipts to customers and testified that the receipt produced by the defendant was not the type of receipt that was normally issued to customers. Id. The defendant objected on the basis that the restaurant manager did not have personal knowledge of the receipt from the particular transaction in question.

The appellate court ruled that pursuant to Fed. R. Evid. 602, the witness need not have personal knowledge of the particular transaction to testify. The Ninth Circuit Court of Appeals explained that a witness may testify about normal company procedures based on training and experience in compliance with Fed. R. Evid. 602. Thompson, 559 F.2d at 553-54; see Stuart v.

UNUM Life Ins. Co. Of Am., 217 F.3d 1145, 1154-55 (9th Cir. 2000) (employer's vice president of corporate relations had personal knowledge to testify about contributions to ERISA plan based on his position and involvement in procuring insurance).

Other courts have similarly ruled that a witness's personal background in the industry may provide sufficient personal knowledge to testify about matters relating to industry standards and company procedures. Sheek v. Asia Badger, Inc., 235 F.3d 687, 695 (1st Cir. 2000); Folio Impressions, Inc. v. Byer Cal., 752 F.Supp. 583, 586-87 (S.D.N.Y. 1990).

Personal knowledge of the business entity's activities may be inferred to corporate officers. In re Kaypro, 218 F.3d 1070, 1075 (9th Cir. 2000) (holding that the declarant's five-year tenure as manager lent support to his claim of personal knowledge of industry practice); Taylor v. Shippers Transp. Exp., Inc., 2014 WL 7499046, *3 (C.D. Cal. Sept. 30, 2014). A witness may generally testify about information for which they are required to be aware for purposes of their employment. Siebert v. Gene Sec. Network, Inc., 75 F.Supp.3d 1108, 1115 (N.D. Cal. 2014).

Volvo Car USA seeks to preclude Fedotov from testifying based on his lack of information about particular punching scheme transactions. Fedotov, however, testified in his deposition that he believed Volvo Car USA was engaging in a punching scheme. He stated that in 2015, Volvo Representative Yannis Alatzas

14

encouraged Envy Hawaii to "punch" more cars in order to achieve a certain sales volume. (Fedotov Depo. at pp. 22-23, ECF No. 163-3). Fedotov claims he learned the information from Envy managers. (Id. at pp. 21-22).

Fedotov claims that in 2016 Gregor Hembrough, another Volvo Representative, directly asked him to punch between 10 and 20 cars in order to increase the numbers in the year-end sales report. (Id. at p. 26).

At trial, Fedotov may testify about his understanding of the punching scheme based on his role in Envy Hawaii, his experience, and his background in the industry. He may also testify about any specific transaction for which he has personal knowledge.

Volvo Car USA's Motion in Limine No. 1 (ECF No. 163) is **DENIED**.

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

**Envy Hawaii's Motion In Limine No. 1**: Motion To Exclude Allegations Of Surreptitious Records (ECF No. 165) is **GRANTED WITHOUT PREJUDICE**. Volvo Car USA must make an offer of proof as to the evidence it intends to introduce to establish agency before allegations of surreptitious recordings may be introduced at trial.

**Envy Hawaii's Motion in Limine No. 2**: Motion To Exclude evidence concerning financial transactions with NextGear (ECF No. 166) is **DENIED**.

**Volvo Car USA's Motion in Limine No. 1**: Motion Regarding Testimony Of Mikhail Fedotov (ECF No. 163) is **DENIED**.

IT IS SO ORDERED.

Dated: November 8, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge